No. 14,935.

PEOPLE EX REL. COSGROVE *v.* FIREMEN'S RELIEF AND
PENSION BOARD OF THE CITY OF COLORADO SPRINGS ET AL.
(125 P. [2d] 153)

Decided April 20, 1942.

Mr. CHESTER B. HORN, Mr. PHILIP HORNBEIN, for plaintiff in error.

Mr. BEN S. WENDELKEN, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear in the same order as in the trial court and are hereinafter referred to as there, or as Cosgrove and the Board, respectively. Plaintiff applied to the Board for retirement on pension and his application was denied. He then brought mandamus to compel that action. To review a judgment against him he prose-

cutes this writ. The five assignments amount to nothing more than an allegation that the judgment is unsupported by the evidence.

The applicable ordinance of the city under which plaintiff claims is section 839, found at page 25 of "Rules and regulations governing the board of trustees of the firemen's and policemen's relief and pension funds of the City of Colorado Springs, Colorado," and reads as follows: "If an member or employe of the Fire Department suffer permanent total disability and be thereby rendered unable to perform his duty as such officer or member or employe, he shall be retired from service and instead of his salary from said department he shall be paid monthly from said fund an amount equal to one-half of the average monthly salary he was in receipt of during one year next before the time of such disability, so long as the existence of such disability may from time to time be attested to in writing by two regularly certified practicing physicians appointed by the board, for the purpose of ascertaining the condition of such officer, member or employe."

Cosgrove was forty-two years old, had been a member of the fire department twenty years and claimed permanent total disability, alleging that the Board and the court acted arbitrarily in deciding against him. That he had no physical disability is admitted. One general practitioner, several medical experts, the chief of the fire department, and plaintiff himself were called as witnesses. The doctor diagnosed his mental affliction as psychoneurosis and their conclusions varied from "severe" to "minor." Their testimony varied as follows: That he was able to perform his usual and customary duties; that his complaint was not unusual; that many people suffered from it; that it was made worse by his occupation; that he should give up his present employment; that he should not be employed by the fire department; that he was able to work and if put on a

build-up program by a competent psychiatrist should be able to perform his usual duties; and that his work on the fire department was satisfactory.

There can be no doubt that the ordinance above quoted covers mental as well as physical disability, but is only applicable to one totally disabled from performing his duties as a member of the department. It is also clear from the foregoing that the evidence was not only conflicting as to whether his disability was total, but was clearly conflicting as to whether it rendered him unable to perform his duty.

Under a well established rule, which justifies the citation here of no authority to support it, the question was one for the trial judge and with his finding we are powerless to interfere.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE JACKSON, and MR. JUSTICE KNOUS concur.